IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Rosendo Salazar Escobedo, | ) | |
|     Plaintiff, | ) | Case No:   16 C 4167 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Arnold Scott Harris, P.C., | ) | |
|     Defendant. | ) | |

## ORDER

For the reasons stated in this order, the Court grants defendant's motion to dismiss (dkt. no. 16) and directs the Clerk to judgment dismissing this action with prejudice.   The status hearing and ruling set for October 26, 2016 is vacated.

## STATEMENT

Rosendo Salazar Escobedo has filed a *pro se* complaint against Arnold Scott Harris, P.C. (ASH), a law firm.   Mr. Escobedo's complaint and its attachments reflect that ASH attempted to collect a debt from Mr. Escobedo for unpaid parking tickets issued by the City of Chicago Mr. Escobedo alleges that ASH violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g, by failing to provide the necessary validation notice in its initial communication with him and by failing to send proof of validation after he disputed the debt.   He also alleges that ASH violated the Illinois Collection Agency Act (ICAA), 225 ILCS 425/9.3, for the same reasons.   ASH has moved to dismiss Mr. Escobedo's lawsuit on the ground that he has not stated a viable legal claim.

The Court grants ASH's motion.   A threshold requirement under the FDCPA is that the collection efforts must involve a "debt" as the statute defines that term:   "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ."   15 U.S.C. § 1692a(5).   Mr. Escobedo's allegedly unpaid obligation did not involve a "debt" under this definition.   Rather, it involved municipal fines, which the Seventh Circuit has held do not constitute debts within the meaning of the FDCPA.   *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011).   For this reason, Mr. Escobedo does not have a viable claim against ASH under the FDCPA.

Mr. Escobedo's ICAA claim is infirm for essentially the same reason.   The section of the ICAA on which Mr. Escobedo relies, 225 ILCS 425/9.3(a), applies only to entitles "when engaged in the collection of consumer debt," *see id.* 425/9.3(d), which the ICAA defines as "money or property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."   *Id.* 425/2.   Mr.

Escobedo's alleged incurring of debts for parking tickets did not involve "consumer credit transactions."

For these reasons, the Court grants defendant's motion to dismiss. And because it is clear given the nature of the deficiencies in Mr. Escobedo's claims that they cannot be cured by amendment, the Court dismisses this action with prejudice and directs the Clerk to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: 10/25/2016